**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-1509**

─────────────

GARY ELLIS,

            Plaintiff – Appellee,

        v.

GRANT THORNTON LLP,

            Defendant – Appellant,

        v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

            Party-in-Interest.

─────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Senior
District Judge.  (1:04-cv-00043)

─────────────

Argued:  May 10, 2011          Decided:  June 15, 2011

─────────────

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────────

**ARGUED:** Stanley Julius Parzen, MAYER BROWN, LLP, Chicago,
Illinois, for Appellant.  Benjamin L. Bailey, BAILEY & GLASSER,
LLP, Charleston, West Virginia, for Appellee.  **ON BRIEF:** John H.
Tinney, John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC,

Charleston, West Virginia; Justin A. McCarty, MAYER BROWN, LLP, Chicago, Illinois, for Appellant. Eric B. Snyder, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following our reversal of the district court's judgment in favor of the plaintiff, Gary Ellis, Grant Thornton LLP (Grant Thornton) sought $68,983.70 in costs in the district court. The amount sought included $7,026.25 in costs ordered by this court as part of our mandate to the district court. The Clerk of Court for the Southern District of West Virginia taxed $68,983.70 in costs against Ellis, and Ellis moved for review of this taxation pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. In ruling on this motion, the district court denied all costs sought by Grant Thornton, including the amount ordered by this court as part of our mandate. Grant Thornton appeals from this ruling. We affirm in part, vacate in part, and remand the case to the district court with instructions to tax costs against Ellis in the amount of $7,026.25.

I

Ellis brought a negligent misrepresentation claim under West Virginia law against Grant Thornton, alleging that Grant Thornton, an accounting firm that was retained by First National Bank of Keystone (Keystone) in response to an investigation by the Office of the Comptroller of the Currency into Keystone's banking activities, owed a duty of care to Ellis, who allegedly relied on oral statements made by Stan Quay, a Grant Thornton

partner, and a Grant Thornton audit report of Keystone's 1998 financial statements in deciding to accept the job as president of Keystone.  Following a bench trial, the district court ruled in favor of Ellis and entered judgment in Ellis' favor in the amount of $2,419,233.00.

On appeal, we reversed the district court's judgment. Ellis v. Grant Thornton, 530 F.3d 280, 292 (4th Cir. 2008).  In our decision, we held that Ellis failed to offer sufficient proof at trial to support his negligent misrepresentation claim. Id. at 289-92.  Following our decision, Grant Thornton filed a bill of costs in this court pursuant to Rule 39(d)(1) of the Federal Rules of Appellate Procedure (FRAP).  After the time elapsed for Ellis to file an objection to the bill of costs pursuant to FRAP 39(d)(2), we awarded $7,026.25 in costs, and such costs were included in our mandate to the district court.[1]

On remand, Grant Thornton initially sought $38,983.70 in costs in the district court.  This amount included the $7,026.25 ordered by this court, $1,957.45 for the costs of obtaining a trial transcript, and $30,000.00 for premiums paid on a supersedeas bond (covering the March 28, 2008 to March 28, 2009

_____

[1] The $7,026.25 awarded in costs can be broken down as follows: (1) $450.00 for the docketing fee; (2) $6,285.00 for printing the joint appendix; (3) $244.00 for printing Grant Thornton's opening brief; and (4) $47.25 for printing Grant Thornton's reply brief.

time period). On August 27, 2008, Grant Thornton filed an amended bill of costs seeking an additional $30,000.00 for an earlier appeal bond premium it had neglected to include in its initial bill of costs. Thus, the amount of costs sought by Grant Thornton totaled $68,983.70.

On March 18, 2009, the Clerk of Court for the Southern District of West Virginia taxed $68,983.70 in costs against Ellis. Ellis sought review of this taxation, by filing a "Motion to Review and Reverse the Clerk's Taxation of Costs" pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. On March 31, 2010, the district court granted Ellis' motion, and denied all costs to Grant Thornton. In its ruling, the district court noted that Grant Thornton engaged in no misconduct, and further noted that the costs were neither excessive nor of limited value. The district court found that requiring Ellis to pay the requested costs would "work a substantial hardship on Ellis," because, at the time of trial in 2004, Ellis' yearly salary was $52,630.00, and he is now retired. The district court further found that the issues in the case were "close and difficult," because (1) the judgment was reversed on appeal, and (2) in the district court's view, Ellis probably would have prevailed if the case had been remanded for a retrial. Because the case was close and

difficult, the district court observed that Ellis brought the action in good faith.

II

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to this rule, prevailing parties may move for an award of costs, and we review the grant or denial of such costs for an abuse of discretion. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

We have recognized that the language of Rule 54(d)(1) gives rise to a "presumption that costs are to be awarded to the prevailing party." Id. Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).

Although the district court has the discretion to deny an award of costs, it must "articulat[e] some good reason" for its denial. Cherry, 186 F.3d at 446 (citations and internal quotation marks omitted); Constantino v. American S/T Achilles, 580 F.2d 121, 123 (4th Cir. 1978) (reversing the district court's denial of costs where the district court stated no

reason for its action).  In essence, that reason must be that "there would be an element of injustice in a presumptive cost award."  Cherry, 186 F.3d at 446.  Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.  Id.  Moreover, although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party."  Id. (internal quotation marks omitted).

Grant Thornton contends that the district court abused its discretion when it failed to award them $68,983.70 in costs.  Grant Thornton principally takes issue with the district court's analysis of Ellis' inability to pay the $68,983.70 in costs.

We begin our analysis by noting that the district court abused its discretion when it refused to award the $7,026.25 in costs that were ordered by this court as part of our mandate to the district court.  See Invention Submission Corp. v. Dudas, 413 F.3d 411, 415 (4th Cir. 2005) (noting that, under the mandate rule, a lower court generally may not consider questions

that the mandate has laid to rest).[2]  Accordingly, we vacate this portion of the district court's judgment and remand with instructions to the district court to tax costs against Ellis in the amount of $7,026.25.

With regard to the remaining $61,957.45 in costs, the district court correctly found that the issues in the case were close and difficult.  The case was hotly contested at trial and in the previous appeal.  The legal issues in the case were not as clear cut as Grant Thornton would have us believe.  And although the judgment in favor of Ellis was vacated on the basis of a lack of proof to support Ellis' negligent misrepresentation claim, such conclusion was reached with difficulty and only after a thorough and careful evaluation of West Virginia law. Moreover, even though Grant Thornton is correct that the district court did not discuss in detail the presence of other assets in Ellis' name, held individually or jointly, which could be used to satisfy the award of costs, there was sufficient evidence admitted at trial to allow the district court to carefully evaluate Ellis' financial condition and assess his ability to pay the award of costs.  In sum, we find no abuse of discretion in the district court's refusal to award the

---

[2] Although deviation from the mandate rule is permitted in a few exceptional circumstances, Dudas, 413 F.3d at 415, such circumstances are not present here.

- 8 -

remaining $61,957.45 in costs to Grant Thornton.  Cf. Teague, 35 F.3d at 996-97 ("We cannot say that the district court abused its discretion in [denying costs,] considering plaintiffs' good faith in pursuing claims against Taggart and DH & S, the closeness of the outcome, or the equities in conducting its analysis; nor do we find any abuse in the district court's conclusion.").

III

For the reasons stated herein, the judgment of the district court is affirmed in part and vacated in part, and the case is remanded to the district court with instructions to tax costs against Ellis in the amount of $7,026.25.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED